I think this case involves the simple application of two sets of law. First, because the government is conceding that Mr. Smith's due process right to confrontation was violated under Comito, the issue for the court to decide today is whether the error was harmless beyond a reasonable doubt. Second, the record in this case establishes that the minor witnesses were not in the same room when the assault occurred, and establishes that they did not perceive anything other than a commotion, noise, and the sound of something breaking. Under State v. Rader, it is clear that the minor child must not just hear a commotion or a fight, but must actually understand that what they are hearing is the sound of somebody injuring another person. And so even ignoring the due process violation, the court erred in classifying the assault as a grade A violation as opposed to a grade C violation. The government filed a 28-J motion, or letter, last night, and this morning I filed one briefly. I don't know if the court got it. Yes, we did. Well, I haven't. I'll address briefly. The standard set in Comito that the error must be harmless beyond a reasonable doubt is not dicta. The court announced the standard, and they then applied the standard throughout. Did it come out today? What's that? Has the opinion been decided? This is an older case. He's distinguishing. Oh, it's an older case. All right. There's a currently pending case in the Supreme Court, but go ahead. Okay. Yes. But the government's contention that the statement in Comito that the standard for a constitutional error on supervised release for harmless error is beyond a reasonable doubt is not dicta. They applied it. They discussed it. And without intervening authority, this court is bound by that decision. I don't think the court can find that the error in this case was harmless beyond a reasonable doubt for essentially five primary reasons. First, the nature of the evidence. The hearsay evidence is the most... But if the judge didn't rely on it, what difference does it make? So... There are many times in a trial that you may admit certain evidence, and as the case develops, the evidence becomes irrelevant or changes the perspective. Don't we focus on what is the effect of the admission of the evidence? And in this case, it seems to be clear that it was disregarded. And there's no jury, so we know that it was... No. There's no jury. I disagree that it's clear. And the reasons I think that the judge relied on it or that the court could find, at least that the government has not proved beyond a reasonable doubt that the judge did not rely on it, is that first, at the outset, the judge did say he would consider the evidence and give it some weight. No. He said he would give it such weight as it turned out to be merited. Sure. He didn't say I'd give it some weight. Third... Is that right? Am I right about that? Yeah. I believe he said, I'll give it the weight I think it deserves. Right. He didn't know how much weight. Which could be none. Was that... Which could be none. Certainly, it could be none. But in his findings of facts, he never says, I find this evidence to be unreliable. I'm not considering it. But he gave a whole bunch of reasons, and this wasn't one of them. True. But I don't think we can infer from his silence on the matter... Well, that would be a finding of non-fact. I don't think he's obligated to find that something is not a fact. He's obligated to find that it is a fact and then point to evidence of record that say so. You're providing a standard that a judge would have to then go through all of the evidence and then find out those which he's disregarding. I don't think that's a standard. I think when he does make findings of facts in regards to other statements, such as Mr. Smith's statements, he called them nonsensical or crazy, and then he does not do that for the hearsay statements. I just don't think we can infer, beyond a reasonable doubt, as is the government's burden, that he did not consider that evidence. I had a question about the Rader and the test that he sets here. Maybe you can help us out. The Court says that the State can prove that the child heard the assault first by close spatial and temporal connection among the child, the verbal confrontation, and the assault. Don't we have that here? Well, I disagree with that. That's the whole thing of Rader. Rader says that there's two ways for the government to get to a witnessed assault by a minor. One is they're in the same room. The other is they are not in the same room, but they perceive it. And a perfect case for that is Bivens. If you look at Bivens, what happened in Bivens is there was an assault in a very small house. There was testimony that the walls were very thin. You could hear everything in the house. There was testimony that there was an open-handed slap that would have been heard by the children. And the Court in Bivens said that's not enough. That's too speculative. Here we have even less. That was a 3-year-old, 5-year-old, right? It was a younger child, yes. This child was 16, if I'm not mistaken. Yes. But I think if you look at the Court's findings of facts on this, and I can turn to the precise finding he made, he found specifically, actually at Record 105, I mean, my recollection of her testimony is that she heard yelling, heard something break. Who knows what it was at that point? So I think the findings of fact establish that this is not the type of evidence that Rader and Bivens require where a child actually understands that what she is hearing is a person injuring another. The second part was the child's reaction after the assault occurs. Now, in this case, the child's reaction after the assault is not to acknowledge that the mother fell down the stairs, but is to refuse to discuss the case. Can we infer from that that she understood what was happening here? I don't think so for a couple of reasons. One, she wouldn't have seen the fall down the stairs. She was in the bedroom upstairs. Two, the family talks consistently throughout the videos about how they don't trust the police and don't want to talk to the police because of issues they've had with them in the past. And three, even an argument, even if it's an argument in which her mother has broken something or yelled, is scary and she may not want to talk. So I don't think you can... And thirdly, as I understand the case law, if she appreciated after the fact what had happened, i.e. she came down, she saw her mother injured, that wouldn't count. Yes, because Rader says they must contemporaneously understand what they are hearing is one person injuring another. What does contemporaneous mean? It means exactly at identical times, or does it mean within the same event? Whatever it means, I don't think it means that after the fact, in a confusing situation, perhaps she may have understood there was an assault. In fact, when the officer comes back one week later and asks her, what do you know about this? What happened? She said, my mother fell down the stairs. That's what I've been told. So even a week later, she still doesn't know what's happened. So I think contemporaneously means what it means. They have to, at the time it's happening, understand that what they are hearing is one person injuring another. I think that's the question that we have. At the time that it happened, it means simultaneously, as opposed to within the same event. I mean, if she had come back from the walk, ten minutes later, maybe that's not contemporaneous. But if she just simply goes from her bedroom downstairs, isn't that contemporaneous? Doesn't she become aware of the incident contemporaneously with it occurring? The court has never defined contemporaneously, but what I would say is I don't think it matters. Because she comes down the stairs, and she doesn't know what's going on. She doesn't know if her mother has fallen down the stairs. She doesn't know if her mother has been yelling. Except all of her actions, including going upstairs and turning up the volume and all of that, seems to me classically what someone does when they know exactly what's going to happen and they want to shut it out. Because they do know what's happening and want to protect the younger siblings from having to focus on what she very well knows is happening. So, I mean, there's another way to interpret even what you would refer to as contemporaneous, isn't there? What I would say to that is that any argument between adults is frightening to young children, whether it's an assault. But she's 16 years old. She's 16 years old, and she's trying to protect five-year-olds from hearing cursing and yelling by both Mithra's men. And violence. Possibly. But again, under Bivens, to find it it's a felony. The court can't engage in that sort of speculation. Doesn't Rader expand on Bivens? Doesn't he take it one step further? Bivens require the actual noise. Rader seems to say that if the child is aware through any of the senses. Yes, and understands it to be an assault. And if you look at Rader, there was the sound of the victim's head hitting the door, the sound of the victim's head being cracked with a headbutt, a cry of pain, a far cry from what we have in this case. I have 20 seconds left, if I can. We'll give you a minute when the time comes. Thank you. May it please the Court, Pam Posso for the United States. The email in this case, the introduction of that email, was harmless. And we know that because the court never mentioned the email in the detailed findings. And the court did mention everything else it relied on. Additionally, the defendant introduced evidence of the victim directly contradicting the contents of the email, including a video of her response when she heard about the email. And finally, the government did not rely on that email in arguing that the defendant committed the violation. Moving on to the Rader issue, which is just to pick up where y'all left off, the Rader court noted that these incidents of domestic violence don't occur in a vacuum. And I think it is important that the child in this case was 16 years old. And the action of going up and turning up the volume when she's hearing sounds of arguing and something breaking and trying to protect the other children is instructive. Additionally, when we're talking about the sounds that were heard in this altercation, the neighbors heard sounds of violence and they called in a domestic violence report. The police arrive on the scene and they don't even know which apartment it is that they're going to until they hear what they say sounds like two boards breaking, the sound of a man cursing, and yelling. And as they approach the door, they hear what sounds like a woman crying. When the police are able to get the minor child to open the door, she's tearful, she appears afraid, and there are no signs of violence. So are you suggesting that if she didn't hear it happening but she came downstairs and realized what had happened, that would satisfy the Oregon statute? We actually think she did hear what happened and that's what caused her. When she said she heard the yelling. What she heard what happened was there was an argument downstairs. She goes upstairs and turns on the television so she never hears the actual violence. And the Raider is explicit in saying that if they know that there's assaultive conduct but they don't know the specifics of the assault, that's sufficient. So she's aware of it. Can I switch gears a little bit? Certainly. The district court said pretty explicitly with regard to this count that he was finding it as a preponderance of the evidence, but if the standard was beyond a reasonable doubt, he was a little dubious. Did he say that? He did. He said I don't know. And last week there was an argument in the Supreme Court, United States v. Heyman, about whether under circumstances like this, the standard that applies to replication of supervised relief, where the basically it's based on a new offense, is beyond a reasonable doubt or preponderance of the evidence. Are you aware of that? Are you aware of the argument? I have not read that argument. And at least from the report of the argument there seems like there's a pretty good chance that the court may conclude that the appropriate standard is beyond a reasonable doubt. So what do we do? In this case, if that standard is beyond a reasonable doubt, I think that we would still push forward in trying to assert that the child was aware. And again, we would rely on the district court. Well, you might push forward, but you'd go back to the district court, would you not? When the district court specifically said that he wasn't sure what he would say if the standard was beyond a reasonable doubt, he was quite explicit about that. Then I think we could return to the district court in that case. What does contemporaneously mean? I would like to return to that because it's clear that almost simultaneously with these events, the minor child is downstairs letting the police in. Does the child have to hear it or understand it at the exact moment it's happening, or is a minute later when they enter the room enough under the cases? I think under Rader, there's some specific language that, and it's at 93 in Rader, the state may rely on the close spatial and temporal connection among the child, the verbal confrontation, and the assault that immediately followed to prove the child was aware of the assault. I don't know that it needs to be simultaneous. I don't think it does need to be simultaneous, especially when the court goes on at 93 and 94 in Rader to say that the state may introduce evidence of the child's reaction to the assault. In this case, the timing is so close just in terms of the sounds that are being heard by the third parties, the police and the neighbors. The fact that the child acknowledges that she heard something breaking, she's also the one who's answering the door as the defendant is leaving the scene of the argument. I don't think that there's a definitive simultaneous, especially since the Rader court is clear that they don't need to know exactly what the specifics of the assault are, as long as they know it's assaultive conduct. And if the court has no further questions, then... I don't believe that we do. You may have a minute for rebuttal. Just briefly, on the issue of harmlessness and whether or not the court relied on it, I think I would concede that's a tougher issue for the defense. But I don't think it matters because either way, if the court finds that the child did not witness the assault as defined by Oregon law, we're still going back to the district court for a grade C violation. And then just briefly, in terms of the sounds that the child heard... I'm sorry, but I didn't understand that point at all. If the court were to find that the due process error was harmless, but found that the elevation from a grade C to grade A was not... It's an independent argument. It doesn't depend on the first argument, right? And then secondly, in terms of what the sounds the child heard, the court specifically found, extra to record 98, that a call came in and that there was a disturbance that sounded like a fight. Whether that's a verbal fight, a physical fight, we don't know. But that was the court's findings. So I don't think that the sounds before do anything to add to the balance of suggesting the minor actually witnessed and understood an assault. Do we have anything on the record that will give us a temporal markers here? How long did the events take from the time that the noise occurred? She goes upstairs, she goes downstairs. What's the time measured here? I don't know. I think it might guess from watching... We have nothing then. The videos might provide some explanation. It's probably about five minutes by the guess. I don't know. Okay. Thank you, counsel. The case just argued is submitted, and we appreciate both arguments. We will now take a break for about ten minutes.
judges: Graber, Berzon, Robreno